# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bernadette Ahmed

### DEFENDANTS
Midland Funding, LLC

**(b)** County of Residence of First Listed Plaintiff: Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Attorneys (If Known)
Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act and Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: March 6, 2015

SIGNATURE OF ATTORNEY OF RECORD: *Lawrence J. Bartel* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **BERNADETTE AHMED** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **MIDLAND FUNDING, LLC** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.                ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.                ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.                (X)

| | | |
|---|---|---|
| March 6, 2015 | *Lawrence J. Bartel* (signature) | Defendant, Midland Funding, LLC |
| Date | Attorney-at-law<br>Lawrence J. Bartel, Esquire. | Attorney for |
| (215) 575-2780 | (215) 575-0856 | Ljbartel@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02
551629

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **BERNADETTE AHMED** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **MIDLAND FUNDING, LLC** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| March 6, 2015 | *Lawrence J. Bartel* (signature) | Defendant, Midland Funding, LLC |
| Date | Attorney-at-law<br>Lawrence J. Bartel, Esquire. | Attorney for |
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

551629

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Bernadette Ahmed c/o Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia County, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ✓  No ☐

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ✓

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ✓

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ✓

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✓ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
    (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Lawrence J. Bartel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 6, 2015     *Lawrence J. Bartel*     94006
                         Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 6, 2015     *Lawrence J. Bartel*     94006
                         Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNADETTE AHMED,** <br><br> Plaintiff, <br><br> **vs.** <br><br> **MIDLAND FUNDING, LLC,** <br><br> Defendant. | **Civil Action No.** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC (hereinafter "MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Bernadette Ahmed v. Midland Funding, LLC</u>, docket no. 150103872, as filed in the Court of Common Pleas for Philadelphia County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1. On or about January 30, 2015 Plaintiff filed the Action in the Court of Common Pleas for Philadelphia County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2. MF first received notice of the Action on February 4, 2015, when it was served with Plaintiff's Complaint.

3. Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and

1

within thirty days of the date that the Action was first removable. <u>See</u> 28 U.S.C. § 1446(b).

4.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by MF pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.  In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Philadelphia County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.  Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Philadelphia County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

2

        Respectfully submitted,

        **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _Lawrence J. Bartel_
        Lawrence J. Bartel, ESQUIRE
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        (215) 575-2780 / (215) 575-0856 (f)
        Ljbartel@mdwcg.com
        Attorneys for Defendant
        Midland Funding, LLC

Dated: March 6, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BERNADETTE AHMED, | Civil Action No. |
|---|---|
| Plaintiff, | |
| vs. | |
| MIDLAND FUNDING, LLC, | |
| Defendant. | |

### CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on March 6, 2015:

Fred Davis, Esquire
Davis Consumer Law Firm, LLC
500 Office Center Drive, Suite 400
Ft. Washington, PA 19034
Attorneys for Plaintiff
Bernadette Ahmed

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.

By: *Lawrence J. Bartel*
Lawrence J. Bartel, ESQUIRE
Attorneys for Defendant
Midland Funding, LLC

Dated: March 6, 2015

4

# EXHIBIT "A"

> USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 10/23/2015
> You must still comply with the notice below. USTED TODAVIA DEBE CUMPLIR CON EL AVISO PARA DEFENDERSE.
> This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
> There is no right to a trial denovo on appeal from a decision entered by a Judge.

Fred Davis, Esquire                                   ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM                THIS IS AN ARBITRATION MATTER
500 OFFICE CTR DR-STE 400              ASSESSMENT OF DAMAGES
FT. WASHINGTON, PA 19034               HEARING IS REQUESTED.
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

| | |
|---|---|
| BERNADETTE AHMED<br>2047 W. Cambria St.<br>PHILADELPHIA, PA<br>19132<br><br>*Plaintiff*<br><br>v.<br><br>MIDLAND FUNDING LLC<br>8875 Aero Dr-Ste 200<br>San Diego, CA<br>92123<br><br>*Defendant* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>CIVIL ACTION<br><br><br>DOCKET NO.: |

**NOTICE TO DEFEND**
**CODE: 1900**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Case ID: 150103872

## PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL & INFO SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

Case ID: 150103872

| | |
|---|---|
| Fred Davis, Esquire<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>500 OFFICE CTR DR-STE 400<br>FT. WASHINGTON, PA 19034<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER. ASSESSMENT OF DAMAGES HEARING IS REQUESTED. |
| BERNADETTE AHMED<br>2047 W. Cambria St.<br>PHILADELPHIA, PA<br>19132<br><br>*Plaintiff*<br><br>v.<br><br>MIDLAND FUNDING LLC<br>8875 Aero Dr-Ste 200<br>San Diego, CA<br>92123<br><br>*Defendant* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, BERNADETTE AHMED, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 2047 W. Cambria St., Phila, Pa 19132.

2. Defendant, MIDLAND FUNDING LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 8875 Aero Dr-Ste 200, San Diego, CA 92123. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

Case ID: 150103872

### JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established.

6. Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

### PARTIES

8. Plaintiff is a natural person residing in Philadelphia, PA.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). She is a natural person residing in Philadelphia, and the alleged account at issue was used for personal goods and services not of any commercial nature.

10. Defendant, MIDLAND FUNDING LLC, is a company handling debt collection matters with headquarters located at 8875 Aero Dr-Ste 200, San Diego, CA 92123.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff. The alleged debt was comprised of purchases for household goods and services, e.g. food, clothing, personal entertainment, etc.

12. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

Case ID: 150103872

13. On or about June 30, 2014, Defendant began calling Plaintiff and requested payment for a Beneficial Credit-Card Account allegedly purchased by Defendant.

14. During these calls, Defendant claimed the "amount due" was in excess of $900.00, but asked if Plaintiff could pay $463.86. Defendant did not provide proof that it was in fact the current creditor of the alleged Beneficial Account, nor did it provide an accounting as to how the amount owed was in excess of $900.00. Similarly, Defendant failed to verify the specific amount needed to satisfy the alleged debt.

15. Defendant repeatedly and continuously called Plaintiff attempting to collect this alleged consumer debt, requesting different amounts during these calls, and failing to provide an amount that would satisfy the alleged debt.

16. Plaintiff alleges and avers that Defendant misrepresented the nature and legal status of the alleged debt because Defendant claimed different amounts were owed at different times, and never specified an amount needed to satisfy the entire alleged debt.

17. Plaintiff further alleges and avers collection on this debt is not authorized by contract or law, as Defendant has no written agreement showing that the Plaintiff and the alleged original creditor agreed that this account was subject to purchase by a third-party such as Defendant or even that there was any binding repayment agreement between Plaintiff and the alleged original creditor.

18. Plaintiff further alleges and avers that Defendant has no proof of any activity by Plaintiff on this alleged account, and thus has no credible proof of any actual debt. Accordingly, Plaintiff submits Defendant misrepresented the amount(s) owed on this alleged account.

19. Plaintiff further alleges and avers that Defendant made or caused to be made repeated and continuous phone calls to Plaintiff and unrelated third-parties in an effort to collect this alleged debt, and that Defendant also called Plaintiff's cell phone excessively

Case ID: 150103872

in its attempts to collect this alleged debt.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692)

20. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in violation of 15 U.S.C. § 1692d, by making repeated and excessive phone calls in an effort to collect an alleged consumer debt;

   b. Using unfair or unconscionable means in violation of 15 U.S.C. §1692f by failing to properly identify itself during these calls

   c. Misrepresenting the nature of the debt allegedly owed by Plaintiff in violation of 15 U.S.C. § 1692e by claiming different amounts are owed at different times, and by asking for payment of sums without providing any definitive amount owed on the alleged account.

   d. Attempting to collect an amount not authorized by law or contract, in violation of 15 U.S.C. § 1692f, by failing to establish it is the legal owner of the alleged account;

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

   WHEREFORE, Plaintiff, Bernadette Ahmed, respectfully prays for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

Case ID: 150103872

b.  Statutory damages of $1,000.00 for the above violation(s) of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

21.  In its action in contacting Plaintiff, Defendant violated the TCPA in the following ways:

a.  Calling Plaintiff's cellular phone using an automated telephone dialing system in violation of 47 U.S.C. § 227 (b)(1)(A)(iii);

b.  Calling Plaintiff's cellular phone using an artificial and/or pre-recorded voice in violation of 47 U.S.C. § 227 (b)(1)(B);

WHEREFORE, Plaintiff, BERNADETTE AHMED, respectfully prays for a judgment as follows:

a.  Statutory damages of $500 for each violation of 47 U.S.C. § 227 (b)(1)(A)(iii) suffered pursuant to 47 U.S.C. § 227(b)(3)(B);

b.  Treble damages of $1,500.00 for each violation of 47 U.S.C. § 227 (b)(1)(A)(iii) pursuant to 47 U.S.C. § 227(b)(3)(C);

c.  Statutory damages of $500 for each violation of 47 U.S.C. § 227 (b)(1)(B) suffered pursuant to 47 U.S.C. § 227(b)(3)(B);

d.  Treble damages of $1,500.00 for each violation of 47 U.S.C. § 227 (b)(1)(B) pursuant to 47 U.S.C. § 227(b)(3)(C);

e.  All reasonable attorneys' fees, witness fees, court costs and other litigation

costs incurred by Plaintiff; and

    f.    Any other relief deemed appropriate by this Honorable Court.

DAVIS CONSUMER LAW FIRM

By: _____

Fred Davis-PA ID# 93907
Attorney for Plaintiff, BERNADETTE AHMED
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## <u>VERIFICATION</u>

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

_/s/ Fred Davis_

Fred Davis-PA ID# 93907
Attorney for Plaintiff, BERNADETTE AHMED
500 Office Center Drive-Suite 400
Ft. Washington, PA 19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com